## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

DIVISION 80 LLC,

     Plaintiff,

     v.

MERRICK GARLAND, in his official capacity as Attorney General of the United States *et al.*,

     Defendants.

Case No. 3:22-cv-00148

District Judge Jeffrey V. Brown

## DEFENDANTS' MOTION FOR LEAVE TO CONDUCT DISCOVERY LIMITED TO THE ISSUE OF SUBJECT MATTER JURISDICTION

### INTRODUCTION

Plaintiff seeks to preliminarily enjoin a regulation issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) pertaining to firearm frames and receivers, based in part on allegations that Plaintiff engages in business nationwide by distributing partially complete firearm frames and receivers to businesses.  Defendants have been unable to corroborate Plaintiff's business operations in Galveston County.  Plaintiff is only recently incorporated, has no Internet presence, and has registered with government officials only addresses that are inconsistent with a commercial operation.  Moreover, a journalist purporting to be sympathetic to Plaintiff's complaint has purportedly determined that Plaintiff is a shell company without business operations.

This Court can exercise jurisdiction over Plaintiff's complaint only if Plaintiff satisfies the constitutional requirements of Article III standing.  Under the circumstances, there is

reason to doubt the Court's jurisdiction here.  Defendants therefore respectfully request leave to conduct a short period of targeted jurisdictional discovery into the alleged basis for Plaintiff's standing.

## BACKGROUND

On May 21, 2021, ATF issued a notice of proposed rulemaking.  Notice of Proposed Rulemaking, Definition of "Frame or Receiver" and Identification of Firearms, 86 Fed. Reg. 27,720 (May 21, 2021) (Notice).  The Notice informed the public that ATF anticipated updating its regulations by, *inter alia*, providing an updated regulatory definition of "firearm frame or receiver," clarifying its definition of "firearm," defining "privately made firearm," and amending its regulations on marking and recordkeeping and to require privately made "firearms" to implement these definitions.  *Id.* at 27,720-53.

On November 29, 2021, more than six months after ATF had promulgated the Notice, a Certificate of Formation was filed with the Texas Secretary of State, which created an entity called "Division 80 LLC."  Certification of Formation, Division 80 LLC (attached as Ex. 1). ATF followed up the Notice with the promulgation of a final rule in April 2022.  Final Rule, Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (Apr. 26, 2022) (Rule).  Division 80 LLC has filed suit challenging the Rule, *see* ECF No. 1, and has moved for a preliminary injunction.  ECF No. 11.  Defendants oppose Plaintiff's preliminary injunction motion, ECF No. 16, and now move for targeted jurisdictional discovery.

## ARGUMENT

### I.     Legal Standards

Article III of the Constitution confines the judicial power of the federal courts to deciding cases or controversies.  *See* U.S. Const. art. III, § 2, cl. 1.  The standing doctrine derives directly from this constitutional provision.  *See Raines v. Byrd*, 521 U.S. 811, 818 (1997) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.") (internal citation and punctuation omitted)).  This doctrine "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant [its] invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (internal citation and punctuation omitted); *see also Bank of La. v. FDIC*, 919 F.3d 916, 922 (5th Cir. 2019) ("As a court of limited jurisdiction, a federal court must affirmatively ascertain subject-matter jurisdiction before adjudicating a suit.") (internal quotation omitted).  To meet the constitutional minimum for standing, a plaintiff has the burden to establish, *inter alia*, that it has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation and internal punctuation omitted).

"'[C]hallenges to subject-matter jurisdiction' may be raised at any time by the parties and 'courts must consider them *sua sponte*.'" *Amin v. Mayorkas*, 24 F.4th 383, 390 (5th Cir. 2022) (quoting *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019)).  A plaintiff, as the party invoking the court's jurisdiction, "bear[s] the burden of establishing subject-matter

jurisdiction." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012).  "[W]hen subject matter jurisdiction is challenged, a court has authority to resolve factual disputes, and may devise a method to make a determination as to jurisdiction, which may include considering affidavits, allowing further discovery, hearing oral testimony, or conducting an evidentiary hearing." *Exxon Mobil Corp. v. Healey*, 215 F. Supp. 3d 520, 522 (N.D. Tex. 2016) (citation and internal punctuation omitted); *see also id.* at 522-24 (ordering jurisdictional discovery in the context of preliminary injunction proceedings).  "If subject matter jurisdiction turns on a disputed fact, parties can conduct jurisdictional discovery so that they can present their arguments and evidence to the Court." *Id.* at 522 (citing *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 319 (5th Cir. 2012)); *accord In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012).  "Where a party seeks jurisdictional discovery, the district court has discretion as to the type and amount of discovery to permit." *Evans v. Huffington Post.com*, No. 1:19cv536, 2020 WL 6786326 (S.D. Miss. Nov. 9, 2020) (citing *Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008)).

II.   **The Court Should Grant Leave to Take Limited Jurisdictional Discovery Because Defendants Raise Serious Concerns Regarding the Court's Subject Matter Jurisdiction Over This Case.**

As explained below, Defendants have raised serious questions regarding the presence of Plaintiff in this District and its general operating status.  Accordingly, before the Court adjudicates Plaintiff's motion for a preliminary injunction, it should allow for limited, targeted discovery to determine whether the Court possesses jurisdiction here.

A.      **There Are Serious Questions About Whether Plaintiff Can Demonstrate a Likelihood of Imminent Injury in Fact.**

Plaintiff alleges that it will suffer irreparable harm as a result of the Rule.  ECF No. 11 at 56-62.   However, if in fact Plaintiff is not an entity actively engaged in commercial transactions, then it cannot demonstrate an actual or imminent injury, much less an imminent threat of irreparable harm.

During a recent interview, a journalist for the website Ammoland.com discussed his efforts to determine the identity of Division 80 LLC, and how he had "just found out that they [Division 80 LLC] are a shell company."[1]   Other indicators appear to lend credence to the conclusion that Plaintiff may not be an entity actively engaged in commercial transactions. Division 80 LLC "doesn't appear to have a website, an address, or any trappings of a business."[2]  Its Certificate of Formation filed with the Texas Secretary of State lists its business address as 700 Smith Street #61070, Houston, Texas 77002.  *See* Ex. 1.  However, that business address is merely a Post Office Box in a United States Post Office.  *See* Decl. of Raymond Babauta ¶¶ 2-4 (Babauta Decl.) (attached as Ex. 2).  Division 80 LLC has another address on file with the Texas Comptroller's Office—1001 Sue Drive Suite A2, Kemah, Texas 77565—

---

[1] 2A Edu, JSD Supply – ATF Cease & Desist – Not Raided – Division 80 & GOA Lawsuits With John Crump (May 13, 2022), at 40:25-43:30, http://www.youtube.com/ watch?v=hGt5M9FwjWc (last accessed June 29, 2022).

[2] Gabrielle Banks & St. John Barned-Smith, *Houston-Area Company Says Biden Administration's 'Ghost Gun' Policy Will Put Them Out of Business*, Houston Chronicle (May 10, 2022), https://www.houstonchronicle.com/news/houston-texas/houston/article/Houston-area-company-says-Biden-Administration-s-17162341.php

but the business operating at that address is a furniture store.[3]  Division 80 LLC has no other known address, except for the address of its registered agent for service of process.  *See* Ex. 1. The address provided for the registered agent for service of process—3 Greenway Plaza #1320, Houston, Texas—is presently leased or occupied by Swyft Filings, LLC.  *See* Babauta Decl. ¶¶ 5-6.  Swyft Filings is a business formation service provider.  *See* Swyft Filings LLC, Better Business Bureau, https://www.bbb.org/us/tx/houston/profile/incorporation/swyft-filings-llc-0915-90041527 (last accessed June 29, 2022).  Finally, despite Plaintiff's contention that "[m]ost of [its] customers are out of state," Decl. of Brandon Padilla ¶ 6, ECF No. 11-26, Division 80 LLC appears to have no Internet presence, and no published articles appear to mention it except in connection with the present action.

It is conceivable that the above-listed indicators can be otherwise explained.  But, at a minimum, they warrant discovery to determine whether Plaintiff's jurisdictional allegations have merit.

**B.    Targeted Jurisdictional Discovery Will Allow for a Determination of Whether Subject Matter Jurisdiction Exists.**

Defendants have raised serious questions concerning the existence of the Court's subject matter jurisdiction in this case.  Having raised these questions, Defendants respectfully request leave to take targeted discovery limited to the issue of subject matter jurisdiction.  *See,*

---

[3] *See* Texas Comptroller of Public Accounts, Taxable Entity Search Results for "Division 80 LLC," https://mycpa.cpa.state.tx.us/coa/ (attached as Ex. 3); Liquidation TX, Facebook, https://www.facebook.com/liquidationtx/ and Yelp, https://www.yelp.com/biz/liquidation-tx-kemah-2 (both attached as Ex. 4) (showing that Liquidation TX is a furniture store operating at 1001 Sue Drive Suite A2, Kemah, Texas).

*e.g.*, *Behringer Harvard Lake Tahoe v. Bank of Am.*, No. 3:13cv3040, 2014 WL 3670093, at *1-2 (granting defendant leave to take jurisdictional discovery); *Unified 2020 Realty Partners v. Proxim Wireless Corp.*, No. 3:11cv861, 2011 WL 2650199, at *1-2 (N.D. Tex. July 6, 2011) (same). Such discovery is warranted because there is no "doctrine of 'hypothetical jurisdiction that enables a court to resolve contested questions of law when its jurisdiction is in doubt" and thus, "[f]or a court to pronounce upon the meaning . . . of a . . . federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998).

In particular, Defendants request leave to propound requests for admissions and interrogatories, and a deposition of Mr. Padilla, limited to the topic of the basis for Plaintiff's standing. Defendants request at least 30 days to conduct written discovery, during which time period Defendants will have at least 15 days to propound written discovery requests limited to the topic of the basis for Plaintiff's standing, Plaintiff will have at least 15 days to provide written responses, and any deposition of Mr. Padilla will take place at least 7 to 14 days thereafter. In seeking only this discovery, Defendants do not concede or imply that this action should involve merits discovery. Quite the opposite: because this is a case proceeding under the Administrative Procedure Act, merits review is limited to "the whole record or those parts of it cited by the party." 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). "If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare

6

circumstances, is to remand to the agency for additional investigation or explanation." *Id.* at 744.

**CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court grant their motion for leave to take limited jurisdictional discovery.

DATED: July 1, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal   Deputy   Assistant   Attorney
General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant   Director,   Federal   Programs
Branch

*/s/ Daniel Riess*
DANIEL RIESS
MARTIN M. TOMLINSON
TAISA GOODNATURE
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-3098
Email: Daniel.Riess@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

I certify that, on July 1, 2022, I conferred with Plaintiff's counsel, who stated that Plaintiff is opposed to the relief sought in this motion.

*/s/ Daniel Riess*