IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| Division 80 LLC,<br><br>      Plaintiff,<br><br>v.<br><br>Merrick Garland,<br>in his official capacity as Attorney<br>General of the United States,<br><br>United States Department of Justice,<br><br>Gary Restaino,<br>in his official capacity as Acting<br>Director of the Bureau of Alcohol,<br>Tobacco, Firearms, and Explosives, &<br><br>Bureau of Alcohol, Tobacco, Firearms,<br>and Explosives,<br><br>      Defendants. | Case No. 3:22-cv-00148 |

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF THE DISTRICT OF COLUMBIA AND THE STATES OF NEW JERSEY, PENNSYLVANIA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, HAWAII, ILLINOIS, MAINE, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, NEW YORK, NORTH CAROLINA, OREGON, RHODE ISLAND, WASHINGTON, AND WISCONSIN AS AMICI CURIAE IN SUPPORT OF DEFENDANTS**

The District of Columbia and the States of New Jersey and Pennsylvania, on behalf of themselves and the States of California, Colorado, Connecticut, Delaware, Hawaii, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota, New York, North Carolina, Oregon, Rhode Island, Washington, and Wisconsin (collectively, the "Amici States"), request leave to file a brief as amici curiae in support of defendants' opposition to plaintiff's motion for a preliminary injunction. Defendants consent to this motion and to the filing of the attached amicus brief. Plaintiff is not opposed.

Though neither the Federal Rules of Civil Procedure nor this Court's Local Rules address amicus briefs, as a general matter, "[c]ourts enjoy broad discretion to grant or deny leave to amici." *Lefebure v. D'Aquilla*, 15 F.4th 670, 673 (5th Cir. 2021). This Court has previously granted such motions. *See, e.g.*, Order Granting Motion for Leave to File, *Texas v. Biden*, No. 3:21-cv-309 (S.D. Tex. Nov. 29, 2021), ECF No. 35 (for amicus curiae brief supporting an opposition to a motion for a temporary restraining order and preliminary injunction). In exercising that authority, judges on this Court have previously considered "whether the proffered information is '*timely and useful*' or otherwise *necessary to the administration of justice*." *Texas v. United States*, No. 6:21-CV-00003, 2021 WL 2172837, at *1 (S.D. Tex. Mar. 5, 2021) (quoting *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. Mar. 15, 2007)). Moreover, an "amicus brief should

normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997 (Posner, J.))).

These factors all weigh in favor of granting leave to file Amici States' brief. First, Federal Rule of Appellate Procedure 29—the analogous rule for appellate courts—typically permits a state to "file an amicus brief without the consent of the parties or leave of court." Fed. R. App. P. 29(a)(2). "[D]istrict courts commonly refer to Rule 29 . . . for guidance," *Texas*, 2021 WL 2172837, at *1 (citation omitted), and this Court should follow Rule 29's permissive approach to state-authored amicus briefs. Second, the proposed amicus curiae brief is timely and useful, as it is being filed within seven days of defendants' opposition, *see* Fed. R. App. P. 29(a)(6), and provides helpful context on the history and goals of the Gun Control Act—critical tools in interpreting the statute's terms. Third, as the primary authorities responsible for "defining and enforcing criminal laws," *Torres v. Lynch*, 578 U.S. 452, 464 n.9 (2016) (internal quotation mark and citation omitted), states, including Amici States, have a unique perspective when it comes to addressing gun violence and interstate weapons trafficking. As such, Amici States can shed light on the vital role that the Final Rule plays in supporting Amici States' own efforts to curb gun violence in their communities. Finally, this case is of interest to Amici

States because it raises constitutional challenges to a federal rule, and any disposition in this case could be relevant in other jurisdictions and cases. Thus, given Amici States' experience and the weighty issues at stake, the proposed amicus brief should assist the Court as it decides a case with nationwide impact.

## CONCLUSION

The Court should grant leave to file the attached brief as amici curiae.

|  | Respectfully submitted, |
|---|---|
| MATTHEW J. PLATKIN<br>Acting Attorney General<br>for the State of New Jersey | KARL A. RACINE<br>Attorney General for the District of Columbia |
| MELISSA MEDOWAY<br>Special Litigation Chief<br>Deputy Attorney General | CAROLINE S. VAN ZILE*<br>Solicitor General |
| TIM SHEEHAN**<br>Deputy Attorney General | ASHWIN P. PHATAK<br>Principal Deputy Solicitor General |
| The Office of the Attorney General of New Jersey<br>Richard J. Hughes Justice Complex<br>25 Market Street, P.O. Box 112<br>Trenton, NJ 08625<br>(609) 376-3232<br>melissa.medoway@njoag.gov | /s/ Caroline W. Tan<br>CAROLINE W. TAN*+<br>Assistant Attorney General<br><br>Office of the Solicitor General<br>Office of the Attorney General<br>for the District of Columbia<br>400 6th Street, NW, Suite 8100<br>Washington, D.C. 20001<br>(202) 735-7579<br>caroline.tan@dc.gov |
| JOSH SHAPIRO<br>Attorney General for the<br>Commonwealth of Pennsylvania | *Pro hac vice applications pending<br>**Pro hac vice application forthcoming<br>+Admitted to practice only in California |
| JACOB B. BOYER<br>Deputy Attorney General | |
| Office of the Attorney General for the Commonwealth of Pennsylvania<br>1600 Arch Street, Suite 300<br>Philadelphia, PA 19103<br>(267) 768-3968<br>jboyer@attorneygeneral.gov | |

July 2022

On behalf of:

ROB BONTA
*Attorney General*
State of California

PHILIP J. WEISER
*Attorney General*
State of Colorado

WILLIAM TONG
*Attorney General*
State of Connecticut

KATHLEEN JENNINGS
*Attorney General*
State of Delaware

HOLLY T. SHIKADA
*Attorney General*
State of Hawaii

KWAME RAOUL
*Attorney General*
State of Illinois

AARON M. FREY
*Attorney General*
State of Maine

BRIAN E. FROSH
*Attorney General*
State of Maryland

MAURA HEALEY
*Attorney General*
Commonwealth of Massachusetts

DANA NESSEL
*Attorney General*
State of Michigan

KEITH ELLISON
*Attorney General*
State of Minnesota

LETITIA JAMES
*Attorney General*
State of New York

JOSHUA H. STEIN
*Attorney General*
State of North Carolina

ELLEN F. ROSENBLUM
*Attorney General*
State of Oregon

PETER F. NERONHA
*Attorney General*
State of Rhode Island

ROBERT W. FERGUSON
*Attorney General*
State of Washington

JOSHUA L. KAUL
*Attorney General*
State of Wisconsin

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, a true and accurate copy of the foregoing motion was filed electronically with the Court using the CM/ECF system. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.

/s/ Caroline W. Tan
CAROLINE W. TAN